## IN THE OREGON TAX COURT

Calvin S. HENRY,
Personal Representative of the Estate of
James M. Henry

*v.*

## DEPARTMENT OF REVENUE

(TC 2792)

Dudley C. Walton, Walton, Nilsen, Walker & Johnson, P.C., Roseburg, represented plaintiff.

Ted E. Barbera, Senior Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiff rendered February 27, 1989.

### CARL N. BYERS, Judge.

This is an inheritance tax case concerning the value of stock in a closely held corporation. The parties have stipulated to all facts except some background information which is not in dispute. The relevant facts are:

"1.

"Decedent died domiciled in Douglas County, Oregon, on November 25, 1982.

"2.

"At the time of his death, decedent owned 34,775 shares of stock in Henry Enterprises, Inc., an Oregon family ranch corporation.

"3.

"Decedent's interest in Henry Enterprises, Inc. was 'closely held' as defined by ORS 118.155, being 22.25 percent of the corporation's 156,275 total shares.

"4.

"The assets of Henry Enterprises, Inc. included title to 2,974 acres of land and a 3/4 undivided interest in 311.75 acres of land in Douglas County that had received and were entitled to special assessment as farm use land under ORS 308.370."

The statute which gives rise to the dispute, ORS 118.155(5), provides:

"Interests in real property represented by closely held corporate stock or partnership interests shall be valued using farm or forest use values determined under subsections (2) to (4) of this section, whichever are applicable, for the land."

While the ultimate question is the value of the corporate stock, the specific question is whether this statute precludes the allowance of a minority discount in valuing the stock.

■ ■ Generally, for purposes of Oregon inheritance tax, property is to be valued at true cash value or market value. ORS 118.150(1). Inasmuch as stocks in closely held corporations are not publicly traded, their market value is a function not only of the value of the underlying assets, but also of their marketability. More specifically, the difficulty in selling a minority interest of stock in a closely held corporation usually results in some discount for lack of marketability. The established rule in Oregon is: if market value is the test and the evidence establishes that the market would discount for lack of control over the underlying assets then a discount is applied. *Kingery v. Dept. of Revenue,* 276 Or 241, 554 P2d 471 (1976).

The question here is whether the legislature intended to move away from the market value standard for closely held stock when it provided for valuing the underlying farmland at its farm use value. Defendant contends that the legislature did so intend because ORS 118.155(5) was enacted after the *Kingery* decision. Or Laws 1977, ch 666, § 11a(2). Defendant maintains that the legislature accepted its position that no minority discount should be allowed for closely held corporate stock which represents an interest in real property assessed at farm use value. Defendant reasons that adding the farm use benefit to a minority discount would result in a double benefit not anticipated by the legislature.

■ Perhaps more persuasive is defendant's argument that the two standards are incompatible. The special statutory standard of farm use value is not a market value concept. Hence, it would be inappropriate to apply the minority discount to farm use value because the minority discount assumes that the buyer considers the market value of the underlying assets. The minority discount is applied to market value for lack of control or lack of ability to realize on those assets. If the statute specifies other than market value for the assets, the hypothetical buyer would ignore that statutory value and look to the actual market value.

In opposition, plaintiff contends that the legislature substituted farm use value for true cash value only for the purpose of determining the total net worth of the corporation. Once the total net worth of the corporation, which would include all assets less all liabilities, has been ascertained, that value is then allocated to the shares of stock in the corporation. Plaintiff maintains that such value becomes the market value for purposes of Oregon inheritance tax. Minority interests in such stock would, therefore, be discounted for lack of control.

The court sees problems with the arguments of both parties. Defendant recognizes that if a closely held corporation owns substantial other assets as well as land assessed at its farm use value, denial of a minority discount could result in a value for the corporate stock greater than its actual fair market value. If the legislature believed farm use value is less than true cash value, it could not have intended for farm use value to result in a higher tax.

Defendant's response is its administrative rule OAR 150-118.155 which provides a lid:

> "In no case will the value of the interest determined under this paragraph exceed the true cash value of the stock or partnership interest."

However, there is no statutory basis for adopting such an alternative posture. Neither does the court believe that the legislature intended to abandon the market value standard for closely held corporate stock, only part of which represents an interest in farm use land.

■　　On the other hand, the weakness of plaintiff's position is that it requires one to ignore reality. That is, minority discounts are not negotiated or given on arbitrary values. They rest on the premise of market value. It would be inconsistent to apply a minority discount to any standard other than a market value. For example, a statute might require a specific corporate asset to be listed at ten percent of its market value. The potential purchaser of that corporate stock might not seek any minority discount because the purchaser would realize that the true cash value is greater than the listed value.

Plaintiff would prefer to ignore the substantial difference that often exists between market value and farm use value. It is difficult to understand why the market may pay more for farmland than its value from a farm use point of view, but it often does. Whatever the reasons, as long as that difference exists, it cannot be ignored.

The court believes that there is another solution which is more appropriate than proposed by either party and which is consistent with the statutory scheme. To view the problem from another perspective, in terms of modern marketing, the problem is one of packaging. The closely held corporate stock represents a package of various assets. The solution is to repackage those assets for Oregon inheritance tax purposes.

ORS 118.155(5) uses the phrase, "[i]nterests in real property represented by closely held corporate stock." It is only those "interests" which are to be valued at farm use value. Thus, it is reasonable to construe the statute to mean that only the portion of the stock which represents land assessed for farm use is to be so valued. The rest of the stock

value should be measured by true cash value. Consequently, it would be reasonable and consistent to value all assets owned by the corporation not subject to special statutory limits, such as farmland, at their fair market value. The total market value of such assets, less liabilities, would be allocated to the outstanding shares of stock. If the closely held corporate stock which is subject to taxation is a minority interest, an appropriate minority discount would then be deducted from its allocated market value. To that net value would be added the proportion of the farm use value attributable to those shares of stock. The result would be a value which represents the true cash value of the stock except for the "interests" which are to be valued at farm use value. This treatment appears consistent with the statute and does not require either the abandonment of the fair market value standard or discounting of the already diminished farm use value.

■ There may be other solutions to the problem. The court considers it sufficient that the above solution appears to fit this case. As has been previously observed:

> "A method of computation which would lead to inequitable or unjust results should be rejected. It is not advisable to lay down a hard and fast rule which should be followed in estimating the value of stock in a close corporation. Any method used must stand the test of reason. After all, courts should be more concerned with results than methods." *In Re Estate of Frank,* 123 Or 286, 290-91, 261 P 893 (1927).

Based upon information before the court it appears that a recomputation of the taxable value will be required. Defendant is directed to recompute the value of the closely held stock in this case consistent with the explanation above. Defendant shall submit a copy of such computations to plaintiff and the resolution of the correct computations shall be determined in accordance with Tax Court Rule 65.

Costs to neither party.